UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



BARBARA WATTS,

        Plaintiff,

    -against-

CAVALRY PORTFOLIO SERVICES,

        Defendant.

**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

# 09 CIV. 2547

## JUDGE ROBINSON

Plaintiff, BARBARA WATTS ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, CAVALRY PORTFOLIO SERVICES ("Defendant"), alleges as follows:

<u>Nature of the Action</u>

1.    This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

<u>Parties</u>

2.    Plaintiff is a natural person residing in the Candler, Buncombe County, North Carolina.

3.    Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.    Defendant is a New York company maintaining an office located in Hawthorne, Westchester County, New York.

5.    Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6.    Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8.    Because Defendant conducts business and is located in the State of New York, personal jurisdiction is established

9.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10.   Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11.   Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt. *See* pictures of caller ID as Exhibit A hereto.

12.   Defendant has been calls Plaintiff's phone number, 828-667-8944 since April 2008, around 2-3 times per day.

13.   Defendant calls Plaintiff from 888-716-0010.

14.   Plaintiff does not owe the alleged debt.

15.   Defendant asked Plaintiff if she is someone named "Buckner".

16.   Plaintiff requested Defendant callers to cease contacting her regarding the alleged debt.

17.   Defendant callers continued to contact Plaintiff even after Plaintiff requested Defendant to cease the calls.

2

18.    Defendant called Plaintiff and hung up before Plaintiff or voicemail answered the phone.

19.    Defendant failed to mail to Plaintiff a written letter describing Plaintiff's rights with respect to the alleged debt in controversy within five (5) days after Defendant's initial communication with Plaintiff.

<u>CLAIM FOR RELIEF</u>

20.    Defendant's violations of the FDCPA include, but are not limited to, the following:

a.   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

b.   Defendant violated *§1692d(6)* of the FDCPA because Defendant engaged in harassing conduct every time Plaintiff picked up the phone and Defendant hung up immediately without disclosing his/her identity;

c.   Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character and amount of the debt because Plaintiff does not owe the debt Defendant is attempting to collect;

d.   Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Plaintiff does not owe the debt Defendant is attempting to collect;

e.   Defendant violated *§1692e(11)* of the FDCPA because Defendant failed to disclose in subsequent communications that the contact is from debt collector;

f.   Defendant violated *§1692f(1)* of the FDCPA by attempting to collect any amount from Plaintiff (including any interest, fee, charge, or expense incidental to the

principal obligation) because such amount is not expressly permitted by law because Plaintiff does not owe the debt; and

g.  Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21.  As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. *See* Exhibit B hereto.

22.  Plaintiff is entitled to her attorney's fees and costs incurred in this action.

23.  This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1)   Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2)   Actual damages

(3)   Statutory damages pursuant to 15 U.S.C. § 1692k

(4)   Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5)   Awarding such other and further relief as may be just, proper and equitable.

Dated:        March 12, 2009

> KROHN & MOSS, LTD.
>
> By: _____
>   Adam T. Hill
>   KROHN & MOSS, LTD.
>   120 W. Madison St., 10th Fl.
>   Chicago, Illinois 60602
>   Telephone: 312-578-9428
>   Telefax: 866-289-0898
>   ahill@consumerlawcenter.com
>   Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Barbara Watts, hereby demands a jury trial in this matter.

5

## VERIFICATION

STATE OF NORTH CAROLINA)
COUNTY OF *Buncombe* )

Plaintiff, BARBARA WATTS, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BARBARA WATTS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: *2/19/09*

*Barbara K. Watt*
BARBARA WATTS

**EXHIBIT A**






# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the
Defendant's debt collection activities:

1. Sleeplessness — YES (NO)
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — (YES) NO
5. Embarrassment when speaking with family or friends — YES (NO)
6. Depressions (sad, anxious, or "empty" moods) — YES (NO)
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — YES (NO)
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — *Retired* — YES NO
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt
collection activities: *I do not owe any debt.
I tell these people I am not the person
they are calling for. They keep calling and
ignore my request to stop calling. I feel
harassed and abused in my own home.
They make me feel helpless.*

        Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state)
under penalty of perjury that the foregoing is true and correct.

Dated: *Feb. 19, 2009*              *Barbara K. Watts*
                                    Signed Name

                                    *BARBARA  K.  WATTS*
                                    Printed Name